**Dr. Henry TURKEL and Ubiotica Corporation, Petitioners,**

v.

**FOOD AND DRUG ADMINISTRATION, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Respondent.**

No. 15740.

United States Court of Appeals
Sixth Circuit.

July 21, 1964.

Leo E. Rattay, Cleveland, Ohio, for petitioners.

William W. Goodrich, Asst. General Counsel, Food and Drug Division, Department of Health, Education and Welfare, Washington, D. C., for respondent.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Respondent, Food and Drug Administration, filed a motion to dismiss the appeal which petitioners, Dr. Henry Turkel and Ubiotica Corporation, initially filed in this court under Section 505(h) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(h).

The petition sought to enjoin and vacate an order of the Commissioner of Food and Drugs terminating the investigational exemption previously allowed petitioners for investigational distribution of the "U" Series Drugs in the treatment of mongolism in children.

The motion to dismiss was based on the contention that Section 505(h) of the Act, 21 U.S.C. § 355, which grants a right of appeal to the United States Court of Appeals "for the circuit wherein such applicant resides or has his principal place of business" is not applicable "since there has been no order refusing to approve a new drug application." In view of the fact that the petition called for determination of a matter of first im-

pression, this court set the motion to dismiss for oral argument.

The legislation under which the order complained of was issued is a direct product of the disclosure that the drug thalidomide had been responsible for the birth of many malformed infants in countries where it had been widely administered to pregnant women. Subsequent to these tragic events, Congress enacted amendments to the Food and Drug Act greatly widening the powers of the Secretary to adopt regulations pertaining to interstate distribution and sale of new drugs. The new amendments also authorized promulgation of regulations for exempting from the new drug application requirements drugs intended solely for investigational use by experts. 21 U.S.C. § 355, as amended October 10, 1962. Public Laws 87–781, § 103(b), 76 Stat. 783, 21 U.S.C. § 355(i).

Among the important provisions of the 1962 Amendments were provisions which placed upon the applicant the burden of establishing that the drug proposed to be distributed in interstate commerce was safe for human use, and requiring testing prior to approval of such new drug application, with the power extended to the Secretary to require tests on animals.

Petitioners had been manufacturing the "U" Series Drugs and testing them on Mongoloid children under medical supervision for some eleven years prior to the adoption of the 1962 Amendments. On June 5, 1963, they filed "Notice of Claimed Investigational Exemption for a New Drug" under 21 U.S.C. § 355(i), as amended October 10, 1962.

On September 30 the Commissioner of Food and Drugs wrote petitioners notifying them of "inadequacies" in their "Notice of Claimed Investigational Exemption" for the "U" Series Drugs. Among other asserted deficiencies there were these entries: "No animal data are submitted. There is an inadequate amount of reporting of clinical data. * * No real plan is submitted." The letter required correction of the inadequacies within ten days of receipt.

This was followed on November 26 by a letter from the Commissioner to petitioners notifying them: "The conditions of exemption have not been met; and the exemption allowing clinical testing of the drug is terminated. You should immediately recall the drug from all clinical investigators and discontinue administering it to human beings."

Subsequent thereto an informal conference was held in the office of the Assistant Commissioner, Winton B. Rankin, on Tuesday, December 17, 1963, between representatives of the Food and Drug Administration and the petitioners at which the controversy was reviewed at some length. At this conference the position of the Commissioner was reaffirmed by the representatives of the Food and Drug Administration who were present. Petitioners thereupon filed a petition in this court to review the decision of the Food and Drug Administration terminating the investigational exemption as conveyed in the Commissioner's letter of November 26, 1963.

Prior to initiation of this petition for review, petitioners had also filed and then withdrawn a New Drug Application.

Respondent Food and Drug Administration moved to dismiss this appeal on the ground that 21 U.S.C. § 355(h), relied upon by petitioners as establishing their right of appeal to this court, did not in fact confer jurisdiction upon this court in relation to withdrawal of an exemption for investigational distribution of a drug. Respondent asserts that said section grants a right to appeal only from an order of the Food and Drug Administration approving or disapproving a New Drug Application.

After briefing of the question involved and oral argument thereon, this court has concluded that the government's motion to dismiss should be granted. It is our interpretation of the 1962 Amendments to the Food and Drug Act that the right of appeal to the United States Court of Appeals granted by 21 U.S.C. § 355(h) applies only to an order of the Secretary refusing or withdrawing approval of an

application for sale and distribution of a new drug. The denial of investigational exemption does not prohibit the processing of an application for distribution and sale of a new drug through the statutorily provided hearing and final administrative order called for in 21 U.S.C. § 355(b), (c), (d), (e), and (f).

Essentially, petitioners contend before us that requiring them to proceed with the New Drug Application and hearing prior to judicial review is a futile exercise, since they contend denial is a foregone conclusion. The answer to this is that by proceeding through the New Drug Application procedure and hearing, an adequate record for review will be developed in accordance with the congressional intent. The statute appears to us to contemplate appeal to the courts only after exhaustion of the administrative remedies and entry of a final administrative order.

This interpretation is strengthened by the fact that subsection (h) upon which petitioners rely is placed immediately following the subsections dealing with applications for distribution of new drugs, and immediately prior to the section providing for exemptions of drugs for research.

As bearing on congressional intent in this regard, we also note that the first sentence of subsection (i) pertains to "Exemption of drugs for research" and reads as follows:

"The Secretary shall promulgate regulations for exempting *from the operation of the foregoing subsections of this section* drugs intended solely for investigational use by experts * * *." (Emphasis added.) 21 U.S.C. § 355(i).

Subsection (h), which contains the appeal procedure, is one of the "foregoing subsections."

As bearing on the questions posed by this appeal, we also note that the Food and Drug Administration has promulgated regulations granting a prompt hearing in the event the applicant desires to protest a rejection by them of his New Drug Application as inadequate or incomplete.

"§ 130.5 Reasons for refusing to file applications.

"(d) if an applicant disputes the finding that his application is incomplete or inadequate, he may make written request to file the application over protest. In such case, the application shall be reevaluated, and within 30 days of the date of receipt of such written request, the application shall be approved, or the applicant shall be given written notice of an opportunity for a hearing on the question whether the application is approvable." 21 C.F.R., Section 130.5(d), as revised June 20, 1963, 28 F.R. 6380.

In the event a petitioner's New Drug Application is rejected on grounds of inadequacy of human investigational data, where an investigational exemption had previously been refused, it appears that the merits of such refusal could be a proper issue at the New Drug Application hearing and thus be preserved for appellate review.

Such an interpretation of the statute and regulations appears to us also to be strongly suggested by the due process requirements of the Fifth Amendment.

We conclude that the statute upon which petitioner relies does not grant a right of appeal from withdrawal of an investigational exemption, except by appeal from subsequent denial of a New Drug Application.

█ The jurisdiction of the United States Courts of Appeal to review administrative acts of federal agencies is wholly dependent upon statute. American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940); United States v. Agne, 161 F.2d 331 (C.A. 3, 1947).

The petition for review is dismissed.