**Harry SUGARMAN, Appellant,**

v.

**Jack B. FORBRAGD et al., Appellees.**

**No. 22102.**

United States Court of Appeals
Ninth Circuit.

Dec. 31, 1968.

Rehearing Denied Feb. 11, 1969.

George A. McKray (argued) and Sheldon I. Balman (argued), San Francisco, Cal., for appellant.

Arthur A. Dickerman (argued), Los Angeles, Cal., Cecil F. Poole, U. S. Atty., Robert N. Ensign, Asst. U. S. Atty., San Francisco, Cal., for appellees.

Before JOHNSEN,* MERRILL and CARTER, Circuit Judges.

MERRILL, Circuit Judge:

Appellant seeks by suit for injunction to review an order of the Food and Drug Administration excluding from import as adulterated certain damaged coffee beans.

* Hon. Harvey M. Johnsen, United States Circuit Judge for the Eighth Circuit, sitting by designation.

■ In entering its order the Food and Drug Administration was acting for the Secretary of Health, Education and Welfare pursuant to the terms of the Food, Drug and Cosmetic Act, 21 U.S.C. § 381(a).[1] The question presented is whether (absent arbitrary or capricious action which clearly is lacking here) such an order excluding material from import under § 381(a) is subject to judicial review. The District Court held that it was not.[2] We agree.

Appellant contends that the Administrative Procedure Act, 5 U.S.C. §§ 551–558, 701–706, applies to require agency notice and hearing and provide judicial review. By the terms of that Act, § 701(a) (2), it is not to apply where "agency action is committed to agency discretion by law."

■ In our judgment that is the situation here; by 21 U.S.C. § 381(a) exclusion from import as there provided is committed to the discretion of the Secretary of Health, Education and Welfare.

We note that the prescribed procedure suggests final discretionary authority in the Secretary. His judgment must be accepted and acted upon by the Secretary of the Treasury. Further, the language of the section "if it appears" suggests discretion to be tested by a standard of arbitrariness rather than error. These suggestions in our view are compellingly borne out by the fact that the Secretary's judgment may be founded solely upon his examination of the material in question.[3] While the superficiality of tests and inspections or an arbitrary refusal to accept their results may be appropriate subjects for judicial review, a dispute as to what an examination has established or disclosed is more appropriately left to agency expertise.

■ The material in question was determined to be adulterated under the statutory definition for the reason that it was found to be "unfit for food." 21 U.S.C. § 342(a) (3). Appellant contends that to preclude arbitrary action the Secretary should promulgate regulations spelling out fitness for food.[4] The administration here determined from its examination that due to its damage the material in question was wholly lacking

1. 21 U.S.C. § 381(a) reads in pertinent part:

"The Secretary of the Treasury shall deliver to the Secretary of Health, Education, and Welfare, upon his request, samples of food, drugs, devices, and cosmetics which are being imported or offered for import into the United States, giving notice thereof to the owner or consignee, who may appear before the Secretary of Health, Education, and Welfare and have the right to introduce testimony. * * * If it appears from the examination of such samples or otherwise that (1) such article has been manufactured, processed, or packed under insanitary conditions, or (2) such article is forbidden or restricted in sale in the country in which it was produced or from which it was exported, or (3) such article is adulterated, misbranded, or in violation of section 505, then such article shall be refused admission, except as provided in subsection (b) of this section. The Secretary of the Treasury shall cause the destruction of any such article refused admission unless such article is exported, under regulations prescribed by the Secretary of the Treasury, within ninety days of the date of notice of such refusal or within such additional time as may be permitted pursuant to such regulations * * *."

2. The District Court opinion, Sugarman v. Forbragd, 267 F.Supp. 817 (N.D.Cal. 1967), sets forth the facts in detail and deals with many additional issues none of which we reach.

3. While provision is made to supplement the Secretary's examination with a hearing, his decision need not be determined exclusively on the record of a formal hearing. The District Court held, and we agree, that to exclude imports, no formal hearing is required either by the Food, Drug and Cosmetic Act, 21 U.S.C. § 381(a), by the Administrative Procedure Act, 5 U.S.C. §§ 551–558, or by the Constitution, congressional power over foreign commerce being absolute. 267 F.Supp. 817, 824–826.

4. Procedures are provided for the promulgation of regulations at the instance of interested parties. 21 U.S.C. § 371(e) (1) (B). No petition was here filed under this section.

in recognized food values. A determination of unfitness under these facts cannot, in our judgment, be regarded as arbitrary even in absence of more explicit definition by regulation.

Judgment affirmed.