The foregoing shall constitute the Court's findings of facts and conclusions of law.

Submit order in accordance herewith.

**L & M INDUSTRIES, INC., Plaintiff,**

v.

**George F. KENTER, Food and Drug Hearing Officer, Food and Drug Administration, Brooklyn, New York, Defendant.**

No. 70 C 1453.

United States District Court, E. D. New York.

Jan. 5, 1971.

Bass & Ullman, New York City, for plaintiff; by Robert Ullman, New York City, of counsel.

Edward R. Neaher, U. S. Atty., for defendant; by Carl I. Stewart, Asst. U. S. Atty.

---

BRUCHHAUSEN, District Judge.

The plaintiff moves for an order, restraining the defendant, hereinafter called F.D.A., from the further detention of plaintiff's goods and requiring defendant to act upon plaintiff's Application for Authorization to Relabel and release the said goods to it.

The movant, in its affidavit sworn to the 24th day of November, 1970 alleges that on September 25, 1970, the F.D.A. caused a notice to be issued of its intention to sample a shipment from abroad of a product entitled "Yeast Plus B–12", Ex. A. Subsequently the F.D.A. made its sampling and on October 28, 1970, it issued a Notice of Detention concluding that the product was:

"MISBRANDED: Within the meaning of Section 403(i) (1) and (2) in that it is a food for which no standard of identity has been promulgated, and its label fails to bear the common or usual name of the food; and the common or usual name of each ingredient (except spices, flavorings, and colorings), contained therein.

MISBRANDED: Within the meaning of Section 403(j) in that it purports to be or is represented for special dietary uses and its label fails to bear such information as is necessary in order to fully inform purchasers as to its value for such uses.

MISBRANDED: Within the meaning of Chapter III of the Federal Food, Drug, and Cosmetic Act as provided by the Fair Packaging and Labeling Act under Section 4(a) (3) (c) as related to 403(f) in that the Net Weight statement is less than ⅛ inch as required by Reg. 1.8b."

The movant contends that these conclusions are arbitrary, capricious, unlawful and unauthorized.

Subsequently, on November 5, 1970, an Application for Authority to Relabel, as provided in Section 801(b) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 381(b) was submitted by the plaintiff to F.D.A. whereby it offered to remove any labeling objections, thereby allowing the product to be released. The release was not forthcoming nor was any advice given to plaintiff by the F.D.A. as to how the labeling could be brought into compliance with the Act.

In the reply affidavit of F.D.A.'s hearing officer, George F. Kenter, sworn to the 2nd day of December, 1970, it is alleged that the imported products were detained pursuant to 21 U.S.C. § 381. The statute provides procedures as to the manner in which the product can be relabeled to comply with the Act. The F.D.A. in paragraph 4 alleges:

"4. Plaintiff alleges in Paragraph 10 at p. 4 of the Complaint, that the conclusion that the articles were misbranded was arbitrary, capricious, and outside of the scope of authority under Section 801 of the Act (21 U.S.C. 381); and that such conclusion could in no way be justified by an examination of the articles. No conclusion was made that the articles were misbranded. Rather, in accordance with the provisions of 21 U.S.C. 381, a determination was made based on the following facts, that the articles *appeared* to be misbranded."

Paragraph 5 of the affidavit states in what respects the products appear to be misbranded.

Paragraph 6 of the affidavit takes issue as to the truthfulness of the allegations, contained in paragraphs 11–15 of the complaint, concerning labeling, refusal of information as to the common name of the product, refusal to release the products without any valid basis and that any discussion of the labeling has been refused. It further states that the plaintiff was told at the informal hearing on November 4, 1970 what information was required for further evaluation by the F.D.A. This requested information has not been submitted to F.D.A. and that the F.D.A. could only evaluate on the information previously submitted by plaintiff. The F.D.A. requires information, including the formula or manufacturing details, to determine the composition of the products, and whether or

not they contain the 89 herbs as was true with the previously detained articles. The F.D.A., without such knowledge, cannot determine (1) whether the common or usual name of the food is, in fact, "Yeast Plus B–12"; (2) the common or usual name of the "Plasmolysatus of Yeast" ingredient; (3) whether each of the 89 herbs are ingredients, and therefore must be listed by common or usual name; (4) the information necessary to inform the consumer of the dietary properties of the yeast ingredient; (5) whether "orange juice" or "juice of oranges" is the common or usual name of the ingredient listed as "Syrup of Oranges" on the current label; and (6) the manner and extent to which the 89 herbs, if present, contribute to the final product, and whether or not the products are safe for use by consumers.

In paragraph 7, it is stated:

"7. After the receipt of the actual quantitative formula and details of the manufacturing process, and evaluation by appropriate representatives of the Food and Drug Administration, either myself or other representative of the Food and Drug Administration would be available to discuss what relabeling, if any, would bring the articles into compliance. Until such time, we do not know, nor have we any way of determining what the products are, what they contain, or what special properties they might have. Only the Plaintiff can supply this necessary information, and this they have refused to do."

This Court could summarily dismiss the present motion because the movant has not fully exhausted its administrative remedy, which is prerequisite to this type of review. There was no final order issued by the F.D.A.

In Carl Borchsenius Co., Inc. v. Gardner, et al., D.C., 282 F.Supp. 396 at page 400 (1968), the Court held in part:

"The Court agrees that generally speaking judicial relief is not appropriate to relieve a party from administrative action if the administrative agency has exercised discretionary authority granted to it under a statute. [Citing cases.] On the other hand it is well settled that judicial relief is appropriate to relieve aggrieved persons from administrative action beyond the statutory grants of authority. * * *."

The Court has carefully considered this case and concludes that the F.D.A. has not acted arbitrarily, capriciously or unlawfully, as charged.

In Sugarman v. Forbragd, 405 F.2d 1189, at page 1190, cert. denied 395 U.S. 960, 89 S.Ct. 2103, 23 L.Ed.2d 747, the Court held in part:

"In entering its order the Food and Drug Administration was acting for the Secretary of Health, Education and Welfare pursuant to the terms of the Food, Drug and Cosmetic Act, 21 U.S.C. § 381(a). The question presented is whether (absent arbitrary or capricious action which clearly is lacking here) such an order excluding material from import under § 381(a) is subject to judicial review. The District Court held that it was not. We agree.

"Appellant contends that the Administrative Procedure Act, 5 U.S.C. §§ 551–558, 701–706, applies to require agency notice and hearing and provide judicial review. By the terms of that Act, § 701(a) (2), it is not to apply where 'agency action is committed to agency discretion by law.'

* * * * * *

"We note that the prescribed procedure suggests final discretionary authority in the Secretary. His judgment must be accepted and acted upon by the Secretary of the Treasury. Further, the language of the section 'if it appears' suggests discretion to be tested by a standard of arbitrariness rather than error."

The products in this case were determined to be misbranded pursuant to 21 U.S.C. § 381(a) (3). The F.D.A. determined from an inspection that it was

and is unaware of the special properties of the products. Suggestions were offered plaintiff to supply certain information in order to bring the products into statutory compliance.

Upon due deliberation, it is ordered that plaintiff's motion be and the same hereby is denied.

Copies hereof have this day been forwarded to the attorneys for the parties.