Daniel J. DeVITO, Plaintiff[1],

v.

HEM, INC.; Du Pont, Inc.; Hahnemann University; and the Food and Drug Administration, Defendants.

Civ. A. No. 88–1712.

United States District Court,
M.D. Pennsylvania.

Dec. 23, 1988.

As Amended March 6, 1989.

---

1. Also listed as a plaintiff at the time this action was commenced was James Del Femine. Mr. Del Femine has not appeared before this court in this action either in person or by counsel. The court was advised of Mr. Del Femine's de-sire to withdraw from this action by Mr. De-Vito's counsel on October 24, 1988. Therefore, the court deems Mr. Del Femine to have with-drawn as a plaintiff as of that date, and his name has been deleted from the caption.

Daniel J. Devito, Hershey, Pa., pro se.

Bruce Cooper, Harrisburg, Pa., for plaintiff.

Gerald Kell, U.S. Dept. of Justice, Washington, D.C., Barbara L. Kosik, Asst. U.S. Atty., Scranton, Pa., for Food and Drug Admin.

Fred Magaziner, David S. Thalheimer, Dechert, Price & Rhodes, Philadelphia, Pa., for HEM, Inc.

Thomas B. Schmidt, III, Harrisburg, Pa., for Hahneman University.

Ross Schmucki, E.I. DuPont DeNemours & Co., Legal Dept., Wilmington, Del., for DuPont.

## MEMORANDUM

RAMBO, District Judge.

*Background*

Defendants HEM, Inc. (HEM), and Du Pont, Inc. (Du Pont) are the "sponsors" of "clinical investigations" of an "investigational new drug" called Ampligen. *See* 21 C.F.R. § 312.3(b) (1988). The clinical investigations were conducted at defendant Hahnemann University's (Hahnemann) facilities. Defendant Food and Drug Administration (FDA) approved the clinical investigations of Ampligen under an Investigational New Drug exemption (IND) from the requirements of the Federal Food, Drug and Cosmetic Act (the Act). *See* 21 U.S.C. § 355(i); 21 C.F.R. §§ 312.1–.160 (1988). Plaintiff is a 38 year old man who has Acquired Immunodeficiency Syndrome (AIDS). He participated in three clinical investigations sponsored by HEM and Du Pont which were designed to test the efficacy of Ampligen in treating AIDS.

The first of these investigations was called AMP101. All of the participants in AMP101 had been diagnosed as having AIDS Related Complex (ARC). The actual drug was administered to about half of the participants. The investigation was "double-blind," *i.e.*, neither the patients nor the doctors conducting the investigation knew which patients were receiving Ampligen and which were receiving the placebo. As it turns out, plaintiff received the placebo and, unfortunately, progressed to AIDS by the end of the AMP101 investigation.

The second and third clinical investigations in which plaintiff participated were called AMP101a and AMP101e, respectively. In those investigations, patients from the AMP101 investigation who had progressed to AIDS were given Ampligen. In mid-October 1988, while the AMP101e investigation was still being conducted, conclusions as to the results of the AMP101 investigation were reached by HEM and Du Pont. Those conclusions were that Ampligen had no proven efficacy whatsoever for the treatment of AIDS and that all testing of the drug should be terminated. Plaintiff received notice of the decision to terminate the clinical investigations in a letter given to him by one of the doctors at Hahnemann.

Based upon those facts, plaintiff, proceeding *pro se*, filed a complaint, an "Application for TRO," and a petition to proceed *in forma pauperis* on October 18, 1988. His *in forma pauperis* application was granted that day and he was directed to serve all defendants. A hearing was held on October 24, 1988 at which time plaintiff was represented by counsel. At the hearing, plaintiff testified that while he was receiving Ampligen his condition improved

and stabilized. Plaintiff also testified that he cannot resort to treatment with the drug AZT—which has been used in treatment of other AIDS patients—because the drug is too toxic for his system to tolerate. Despite the findings of HEM and Du Pont with respect to Ampligen, plaintiff is convinced the drug is keeping him alive.

At the conclusion of the hearing, the court expressed its concern that the plaintiff set forth neither a cause of action nor any basis for this court's jurisdiction. Therefore, the court ordered a briefing to address those issues. Defendant FDA filed a motion to dismiss just prior to the hearing on October 24, 1988. On October 28, 1988, plaintiff filed a memorandum in support of his motion for a restraining order and in opposition to FDA's motion to dismiss (Plaintiff's Memorandum). All defendants filed responses to plaintiff's position on November 4, 1988. In addition, HEM and Hahnemann filed motions to dismiss. Because the motions to dismiss addressed the issue of jurisdiction, the court withheld ruling until those motions became ripe. Plaintiff filed no response to either HEM's or Hahnemann's motions.

*Discussion*

While plaintiff's claims involve a highly charged emotional issue, it is essential to bear in mind that he has two obstacles to overcome. First, he must demonstrate that this court has subject matter jurisdiction over this action. Second, he must meet the stringent criteria for obtaining the injunctive relief he requests. Since any plaintiff must establish subject matter jurisdiction to proceed in federal court, this plaintiff's ability to obtain any relief whatsoever necessarily depends upon his ability to establish subject matter jurisdiction. The court will discuss the issue of jurisdiction and consider its findings in the context of the criteria for obtaining injunctive relief.

### A. *Subject Matter Jurisdiction*

The jurisdiction of federal courts is limited. Indeed, "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'con-troversies.'" *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982).

[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 [99 S.Ct. 1601, 1608, 60 L.Ed.2d 66] (1979), and that the injury "fairly can be traced to the challenged action" and is "likely to be redressed by a favorable decision," *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41 [96 S.Ct. 1917, 1924, 1926, 48 L.Ed.2d 450] (1976).

*Id.* at 472, 102 S.Ct. at 758 (footnote omitted). After a thorough review of this matter, this court concludes that it does not have subject matter jurisdiction over this case because plaintiff has not shown any putatively illegal conduct of any of the defendants that is likely to be redressed by a favorable decision.

■ Plaintiff's claim against the FDA is that FDA has not intervened to stop the use of Ampligen and has not considered whether plaintiff should remain on the drug in the interest of his safety. Plaintiff's Memorandum at 6. This claim is without merit. The regulations which plaintiff argues require FDA to consider whether plaintiff should remain on the drug in the interest of his safety apply only when FDA has placed an investigation on "clinical hold." *See* 21 C.F.R. § 312.42. Here, there has been no clinical hold imposed by FDA.

■ Plaintiff has not cited, and this court cannot find, any authority requiring FDA to take any action whatsoever when a sponsor decides to terminate a clinical investigation. But even if FDA had taken some action with regard to the termination of the Ampligen investigation, plaintiff would be required to exhaust his administrative remedies with the FDA before seeking relief in this court. *See Turkel v. Food*

*and Drug Administration*, 334 F.2d 844 (6th Cir.1964), *cert. denied*, 379 U.S. 990, 85 S.Ct. 704, 13 L.Ed.2d 611, rehg. denied, 380 U.S. 927, 85 S.Ct. 886, 13 L.Ed.2d 815 (1965). It does not appear that plaintiff has taken any steps to, for example, seek FDA approval for Ampligen on his own behalf. In any event, plaintiff has not shown any putatively illegal conduct of FDA likely to be redressed by a favorable decision. Therefore, this court lacks subject matter jurisdiction over plaintiff's claim against FDA.

■ Plaintiff next argues that, if this court does not have jurisdiction over his claim against FDA, "the other Defendants have made an unreasonable determination without recourse to the procedures required under the FDA Act and regulations." Plaintiff's Memorandum at 7. However, neither the Act nor the regulations address the circumstances under which the sponsors of an IND may terminate clinical investigations. It appears that decision is left to the discretion of the sponsors. The only applicable regulation provides: "At any time a sponsor may withdraw an effective IND without prejudice. If an IND is withdrawn, FDA shall be so notified, all clinical investigations conducted under the IND shall be ended...." 21 C.F.R. § 312(a)–(b) (1988). Testimony at the hearing indicated that FDA was notified of the decision to stop the investigation of Ampligen. Rather than having acted "without recourse to the procedures required," it appears the defendants fully complied with the appropriate regulations.

■ In addition, plaintiff attached as exhibits to his memorandum the consent agreements he entered into with Hahnemann prior to his participation in the investigations. Each of those exhibits indicates plaintiff's understanding that his involvement in the clinical investigations might be stopped "[i]f all or part of [the studies were] discontinued by the sponsor or governmental agencies." *See* ¶ 8(b) of Exhibits A, B and C to Plaintiff's Memorandum. The consent agreement for AMP101e—the most recent investigation in which plaintiff

participated—also indicates plaintiff's understanding that he would continue to receive Ampligen in that investigation unless "data analysis of AMP101 indicates lack of efficacy of Ampligen." *See* Exhibit C, ¶ 4(d). These exhibits, coupled with plaintiff's inability to cite any authority for his claim that the Act requires HEM, Du Pont or Hahnemann to supply him with Ampligen, make it clear that plaintiff has not shown any putatively illegal conduct on the part of those defendants which is likely to be redressed in a favorable decision. Accordingly, this court lacks subject matter jurisdiction over plaintiff's claim against HEM, Du Pont and Hahnemann.

It should be noted that plaintiff's memorandum sets forth two very broad allegations of jurisdiction. First, plaintiff claims this court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331. Second, plaintiff believes this court has jurisdiction pursuant to 28 U.S.C. § 1337 which gives district courts jurisdiction over actions arising under Acts of Congress regulating commerce. The court will address each of plaintiff's arguments.

■ In support of his allegation of federal question jurisdiction plaintiff stated, "the termination of Ampligen under these circumstances violates his Fourteenth Amendment due process rights as well as his rights under the First, Fourth, Fifth and Ninth Amendments to the United States Constitution." Plaintiff's Memorandum at 5. This argument obviously was gleaned from the district court opinion in *Rutherford v. United States*, 438 F.Supp. 1287 (W.D.Okl.1977). *See* Plaintiff's Memorandum at 5–6. Plaintiff's argument seems to be that the part of the *Rutherford* opinion he quoted stands for the proposition that he has a right of personal privacy which includes the rights to care for and seek advice on his health and to place reliance on the physician of his choice. None of the defendants in this case dispute plaintiff's rights to privacy, to care for and seek advice on his health or to place reliance on the physician of his choice. All of the defendants have noted, however, that plaintiff has cited no authori-

ty for the implicit proposition that his right to privacy requires the defendants to provide him with Ampligen.

Moreover, although the district court decision in *Rutherford* cited above was affirmed by the Tenth Circuit, *see* 542 F.2d 1137 (10th Cir.1976), the United States Supreme Court later reversed and remanded the case. *See* 442 U.S. 544, 99 S.Ct. 2470, 61 L.Ed.2d 68 (1979). Ultimately, the case was dismissed and all injunctions entered were dissolved. *See Duncan v. United States*, 590 F.Supp. 39, 42 n. 1 (W.D.Okl. 1984). Most significantly, the Supreme Court held that there is no exemption, express or implied, from the Act's drug approval provisions for terminally ill patients who desire to receive a drug. *Rutherford*, 442 U.S. at 554–57, 99 S.Ct. at 2476–78. Unfortunate as it might seem, the Court's holding in *Rutherford* makes it clear that plaintiff's claim cannot succeed. Therefore, his argument for federal question jurisdiction is without merit.

Plaintiff also argues this court has jurisdiction over this action pursuant to 28 U.S.C. § 1337 which provides the district courts with jurisdiction over civil actions "arising under any Act of Congress regulating commerce." 28 U.S.C.S. § 1337(a) (Law.Co-op.1986). Plaintiff's position is that "[t]he FDA action in approving [Ampligen] through an IND constitutes an approval by FDA under the [Act] to legally distribute this drug in interstate commerce. It has been held that this court has jurisdiction under § 1337 to bring (sic) a civil action for injunctive relief against the FDA." Plaintiff's Memorandum at 6. In support of his argument, plaintiff cited *Meserey v. United States*, 447 F.Supp. 548 (D.Nev. 1977). The *Meserey* case, however, lends only limited support to plaintiff's position and demonstrates why plaintiff's argument for jurisdiction under § 1337 fails.

In *Meserey*, the district court had jurisdiction under § 1337 to entertain a request for injunctive relief where a determination was sought as to the validity and enforcement of sections of the Act pursuant to which a shipment of homeopathic remedies was detained. In the case at bar, however,

the decision to stop clinical investigations of Ampligen was not made pursuant to the Act and its provisions relating to commerce, but rather as a result of findings by HEM and Du Pont regarding the drug's efficacy. As this court noted previously, there is no provision of the Act which pertains to a sponsor's termination of clinical investigations of a drug for lack of efficacy. Therefore, plaintiff's claim does not "arise under" the Act as that statutory language has been interpreted (*see Peyton v. Railway Express Agency*, 316 U.S. 350, 353, 62 S.Ct. 1171, 1172, 1173, 86 L.Ed. 1525 (1942)), and this court does not have jurisdiction under § 1337.

### B. *Plaintiff's Request For Injunctive Relief*

The criteria for obtaining injunctive relief are stringent. "The movant has the burden of showing: (1) a reasonable probability of success on the merits; (2) irreparable injury to the movant if relief is denied; (3) that the relief granted will not harm defendant more than it will help plaintiff; and (4) the public interest is served by granting the relief." *Solar Turbines v. Seif*, 678 F.Supp. 93, 97 (M.D.Pa.1988) (citing *Ecri v. McGraw–Hill, Inc.*, 809 F.2d 223, 226 (3d Cir.1987). As was discussed above, this court does not have jurisdiction over plaintiff's claims against any of the defendants. Having failed to establish jurisdiction, plaintiff has no probability of success on the merits and, therefore, is not entitled to injunctive relief.

### Conclusion

Based upon the preceding discussion, this court finds it lacks subject matter jurisdiction over plaintiff's claims and that plaintiff has failed to establish a reasonable probability of success on the merits of his claims. Therefore, his request for injunctive relief must be denied. Additionally, because this court lacks subject matter jurisdiction over all of plaintiff's claims, this case must be dismissed. *See* Federal Rule of Civil Procedure 12(h)(3).

### ORDER

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT:

1) plaintiff's request for injunctive relief is denied;

2) defendant FDA's motion to dismiss is granted;

3) defendant HEM, Inc.'s motion to dismiss is granted;

4) defendant Hahnemann University's motion to dismiss is granted;

5) the case is dismissed against defendant Du Pont, Inc. pursuant to Federal Rule of Civil Procedure 12(h)(3); and

6) the Clerk of Court is directed to close the file.