Robert F. **BURNS**, Plaintiff-Appellant,

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 84-3599.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 1984.

Decided June 28, 1985.

Reinhardt, Circuit Judge, filed dissenting opinion.

---

Robert J. Sewell, Jr., Smith Law Firm, Helena, Mont., for plaintiff-appellant.

George F. Darragh, Jr., Great Falls, Mont., for defendant-appellee.

Before BROWNING, Chief Judge, ANDERSON, and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Robert F. Burns filed suit against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., alleging medical malpractice as a result of treatment he received at a Veterans Administration (V.A.) hospital. Relying on 28 U.S.C. § 2675(a), the district court granted defendant's motion for summary judgment and dismissed the action, ruling that a sufficient administrative claim had not been filed, which deprived the court of subject matter jurisdiction. Burns now appeals. We affirm.

## I. BACKGROUND

In August of 1976, Burns was admitted into the Veterans Administration hospital in Fort Harrison, Montana, for surgical treatment of suspected bronchogenic carcinoma. A nonmalignant abscess cavity was located in his lung and removed. A second operation was performed when he developed post operative empyema, an accumulation of pus in the chest. Burns was discharged from the V.A. hospital on October 4, 1976. Later that year, Burns was again hospitalized, this time at the Deaconess Hospital in Great Falls, Montana. Multiple bilateral brain abscesses were discovered and surgically removed, leaving Burns disabled.

Burns first contacted the V.A. concerning his medical problems in early 1977 by filing a "Veteran's Application for Compensation or Pension," V.A. Form 21–526. This form was apparently completed by a V.A. caseworker since Burns was then unable to communicate. Upon review of his application, Burns was awarded a pension of $199 per month.

In 1980, after his pension was reduced due to an increase in Social Security benefits, Burns wrote United States Senator Max Baucus seeking an increase in pension by having his disability classified as service connected. Senator Baucus forwarded this letter to the V.A.

In May of 1981, Burns received a "Statement of the Case" from the V.A. which clearly listed the issue involved as "[a]dditional disabilities ... under 38 USC 351." The Board of Veterans Appeals rendered

its decision on May 27, 1982, denying additional pension.

Burns commenced this action of June 9, 1982, against the United States, alleging that the treating physician at the V.A. hospital in Fort Harrison, Montana, had performed the surgery in a negligent manner by allowing purulent material to get into his chest, by improperly draining the incision, and by failing to prescribe proper antibiotics. He alleged that this negligence was the cause of his later brain abscesses.

## II. DISCUSSION

If Burns has failed to file a sufficient administrative claim, this action is forever barred since substantial evidence and case law support the district court's finding that Burns's cause of action accrued no later than August 8, 1980, when the letter to Senator Baucus was written. 28 U.S.C. § 2401(b) (1983); *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896 (9th Cir.1970). In this letter Burns writes that "[d]uring surgery the abscess ruptured, and not being cleansed properly the infection got in my blood stream and went to my brain." It is apparent that Burns was aware of his injury and its probable cause.

According to the FTCA, a negligence suit may not be instituted against the United States unless it is first presented to the appropriate Federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a) (1983).

■ The claim requirement of section 2675 is jurisdictional in nature and may not be waived. *Blain v. United States*, 552 F.2d 289 (9th Cir.1977). Since it is jurisdictional, what constitutes a sufficient claim for section 2675 has often been an important issue in FTCA litigation. In the past, there has been a significant divergence of opinion within and without this circuit. *See generally Warren v. United States Department of the Interior Bureau of Land Management*, 724 F.2d 776 (9th Cir.1984)

*(en banc)*; Note, *The Art of Claimsmanship: What Constitutes Sufficient Notice of a Claim Under the Federal Tort Claims Act?* 52 U.Cin.L.Rev. 149 (1983). But the prevailing view and the view held by the Ninth Circuit is that the jurisdictional requirement of minimum notice is satisfied by "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren*, 724 F.2d at 780; *Avila v. Immigration and Naturalization Service*, 731 F.2d 616, 619 (9th Cir.1984); *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.1980).

■ The only document submitted by Burns, or on his behalf, to the V.A. which could arguably be called an administrative claim for money damages, is the letter written to Senator Baucus. While it might convincingly be asserted that this letter did not afford the V.A. sufficient notice of an imminent lawsuit to enable them to initiate their own investigation, we need not consider this contention because it is clear that *nowhere* in the letter is contained the requisite sum certain claim. Thus, we find that Burns has failed to satisfy section 2675, and that his action was correctly dismissed by the court below.

■ We have considered Burns's remaining contentions: that the United States should be estopped from asserting the insufficiency of his administrative claim under section 2675(a); and that principles of equity should toll the statute of limitations, 28 U.S.C. § 2401(b). We find that these contentions lack merit. Both requirements are jurisdictional. *Mann v. United States*, 399 F.2d 672, 673 (9th Cir.1968); *Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982). The government may not be equitably barred from asserting jurisdictional requirements. *Cooper v. Bell*, 628 F.2d 1208, 1212 (9th Cir.1980); *United States v. Glenn*, 231 F.2d 884, 886 (9th Cir.1956).

The decision of the district court is

AFFIRMED.

REINHARDT, Circuit Judge, dissenting:

The majority opinion raises one more unwarranted barrier to the affording of fair treatment to citizens injured by the actions of their government, one more unnecessary roadblock to the determination of cases on their merits in the federal courts. The majority holds that a brain damaged veteran who seeks assistance from the Veterans Administration in filing a claim relating to his injuries and who reasonably relies on a Veterans Administration caseworker to fill out the proper claim form on his behalf loses his right to sue the government for negligently performed surgery when the claim filed by the caseworker fails to comply with all the technical requirements for filing claims under the Federal Tort Claims Act. My colleagues reach this rather remarkable result by holding for the first time that the doctrine of equitable tolling is inapplicable when determining the time limits for filing claims under the Act. I do not believe the result my colleagues reach is either required by precedent or just. Accordingly, I dissent.

When Robert F. Burns, accompanied by his wife, visited the V.A. concerning his post-operative medical problems in February 1977, a V.A. caseworker furnished him with a "Veteran's Application for Compensation or Pension," V.A. Form 21–526, and completed it for him, noting on the form "Vet is unable to communicate." The V.A. treated the form as an application for a veteran's pension, not as an administrative claim in tort. It was not until September 2, 1982, when the government answered the complaint in this action, that Burns was informed that he had not filed the jurisdictionally required agency tort claim. Burns then filed a "Claim for Damage, Injury, or Death," V.A. Form 95, with the V.A. on May 11, 1983, and at oral argument on the motion to dismiss, the district court was made aware of the existence of the new agency claim.

The district court dismissed Burns' action on December 2, 1983, considering, in addition to the sufficiency of the original claim for benefits,[1] only whether an earlier letter to a United States Senator constituted an agency claim for FTCA purposes and correctly concluded that it did not. Presumably because it assumed that Burns' Form 95 claim was not timely, the district court failed to consider the sufficiency of that claim and instead felt compelled to dismiss the suit. In doing so, the district judge noted that "[i]t is indeed difficult to dismiss what may well be a meritorious claim on procedural grounds."

Contrary to what my colleagues now hold, the district court was not compelled to order dismissal. Although an FTCA administrative complaint must be filed within two years after the claim accrues, 28 U.S.C. § 2401(b) (1982), and Burns' claim accrued not later than the time he wrote to his senator, the district court had the authority to permit Burns to amend his complaint to include the Form 95. It should have done so and then determined whether the doctrine of equitable tolling was applicable and whether the Form 95 claim constituted a timely, jurisdictionally sufficient administrative claim.[2]

---

**1.** The form originally filed on Burns' behalf was not sufficient to set forth a claim under the FTCA only because there was no specific amount of damages set forth in the claim. Under the established case law in our circuit a failure to designate the amount sought renders the form insufficient as a matter of law. *Caton v. United States*, 495 F.2d 635, 637 (9th Cir. 1974). Regrettably, we are not free to reconsider that rule here.

**2.** The district court action, commenced on June 9, 1982, could have continued despite the fact that the agency claim, which generally must be filed *before* suit is brought, 28 U.S.C. § 2675 (1982), was not filed until May 10, 1983. When

a motion to dismiss is filed, unless it is completely clear that the complaint could not be amended to correct any pleading deficiencies, the proper course is for the district court to allow an amendment to the complaint or, at most, to dismiss the complaint with leave to amend. *See Mayes v. Leipziger*, 729 F.2d 605, 608 (9th Cir.1984); *Brothers v. First Leasing*, 724 F.2d 789, 790 n. 1 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 121, 83 L.Ed.2d 63 (1984); *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981); *see generally Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (listing factors to be considered). This rule applies as well when the prospective

My colleagues note that the statute of limitations that governs the FTCA administrative claim requirement is jurisdictional. They are correct. *See Warren v. United States Department of the Interior Bureau of Land Management*, 724 F.2d 776, 778 (9th Cir.1984) (en banc). However, because of this characterization, they conclude that not only estoppel, but also equitable tolling, is unavailable. I believe that in doing so they overlook the distinctions between the two doctrines, and thereby make a most unfortunate error that severely penalizes citizens who have been both injured and unjustly treated by their government. My colleagues announced their decision to bar the use of equitable tolling in one conclusory sentence; they offer no reasons or explanations for their conclusion; they simply cite without comment two of our earlier cases. Unfortunately, neither of those cases has any bearing on the issue before us.

The first case my colleagues rely on is *Cooper v. Bell*, 628 F.2d 1208 (9th Cir. 1980). *Cooper* clearly holds that the government cannot be *estopped* from asserting jurisdictional requirements. *See id.* at 1212. *Cooper* does not discuss tolling.

The other case cited by my colleagues is *United States v. Glenn*, 231 F.2d 884 (9th Cir.1956). In *Glenn*, the plaintiff asked the court to apply a statutory tolling provision contained in 28 U.S.C. § 2401(a), which sets forth the statute of limitations for Tucker Act suits, to a case governed by 28 U.S.C. § 2401(b), which contains the statute of limitations and administrative filing deadlines for FTCA suits. The court held that the plaintiff could not import a *statutory* tolling provision relating to one kind of suit into a suit of a different sort, governed by a different statutory limitations period, simply because the two limitations periods were codified in different subsections of the same section of the United States Code. *Id.* at 886. In *Glenn* we neither considered nor decided the question of the applicability of the equitable tolling doctrine. In fact, there is no suggestion that the plaintiff in *Glenn* ever contended that the government acted wrongfully with respect to any event relating to the delay or that the common law *equitable* tolling provisions that apply to instances in which the government has acted wrongfully should apply to his FTCA claim. The tolling claim was based entirely on the fact that plaintiff was a minor at the time of his injury. It is likely that he failed to assert any equitable tolling claim both because there was no evidence of the requisite wrongful conduct on the government's part and because of the clear inapplicability of equitable tolling in a case such as his, in which prejudice to the other party was obvious. As the *Glenn* court stated, the "long delay ... deprive[d] the government of a decent chance to defend." *Id.*

*Glenn* is in no way relevant to the case before us. We are not asked to apply a statutory tolling provision that is applicable exclusively to some other statute. Rather, we are faced with whether we should apply common law equitable tolling principles in a case in which the government had a duty to act and has not been prejudiced by the delay. The existence of both a wrongful act (or failure to act) on the defendant's part and prejudice are always key factors in determining whether equitable tolling is applicable. *See infra* pp. 727–728. Thus, the absence of wrongfulness on the government's part and the presence of

---

amendment would serve to cure a jurisdictional defect, *see, e.g., Thomas v. E.I. DuPont de Nemours & Co.*, 574 F.2d 1324, 1329 (5th Cir.1978), including the failure to have filed an FTCA administrative claim, *see, e.g., Kubrick v. United States*, 581 F.2d 1092, 1098 (3d Cir.1978), *rev'd on other grounds*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Susanin v. United States*, 570 F.Supp. 25, 26 (W.D.Pa.1983) (mem.); *Campbell v. United States*, 534 F.Supp. 762, 764 (D.Hawaii 1982); *De Berrio v. United States*, 495 F.Supp. 179 (D.Canal Zone 1980); *Clark v. United States*, 481 F.Supp. 1086 (S.D.N.Y.1979), *appeal dismissed*, 624 F.2d 3 (2d Cir.1980), unless the underlying purposes of the administrative claim requirement have not been satisfied and the government would thus be prejudiced, *see Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (no prior notice to the government); *Meserey v. United States*, 447 F.Supp. 548, 556 (D.Nev.1977) (same).

prejudice to the government in *Glenn* in themselves would have been enough to distinguish that case from the one before us. Neither *Glenn* nor the FTCA itself bars the availability of equitable tolling principles. In fact, when Congress added the present mandatory administrative claims procedure to the FTCA in 1966, it did so specifically because of its renewed interest in providing litigants with "fair and equitable treatment ... when they deal with the Government." S.Rep. No. 1327, 89th Cong.2d Sess. 2, *reprinted in* 1966 U.S. Code Cong. & Ad.News 2515, 2515–16. Had Congress wished to undermine its own goal by restricting the applicability of common law equitable tolling principles to those claims, it was free to do so explicitly at that time. It chose not to. Instead the majority now undertakes that task almost twenty years later.

My colleagues' conclusion that equitable tolling cannot apply in this case conflicts with both the spirit and the letter of the law. First, it ignores the trend in our cases, which is clearly to avoid applying rules in an unnecessarily formalistic fashion that inequitably bars plaintiffs from pursuing their FTCA claims. *See Shipek v. United States,* 752 F.2d 1352, 1355 (9th Cir. 1985); *Raddatz v. United States,* 750 F.2d 791, 796–98 (9th Cir.1984); *Dyniewicz v. United States,* 742 F.2d 484, 487 (9th Cir. 1984); *Augustine v. United States,* 704 F.2d 1074 (9th Cir.1983). Second, at least one of our cases specifically states that the limitations period for filing an FTCA administrative claim can be equitably tolled in certain circumstances, *see Dyniewicz,* 742 F.2d at 487, and other circuits agree, *see, e.g., Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508, 516–17 (6th Cir.1974); *Ciccarone v. United States,* 486 F.2d 253, 256 (3d Cir.1973); *Kossick v. United States,* 330 F.2d 933, 936 (2d Cir.), *cert. denied,* 379 U.S. 837, 85 S.Ct. 73, 13 L.Ed.2d 44

(1964).[3] Third, my colleagues' holding completely ignores the many distinctions between estoppel and tolling that we have identified in prior cases. *See, e.g., Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981).

Like estoppel, equitable tolling is invoked to avoid injustice in particular cases. *Cf. Heckler v. Community Services of Crawford,* — U.S. —, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984) (discussing estoppel). In determining whether any equitable modification of the limitations period is appropriate, the court must balance the possibility that the government's conduct will work a serious injustice against the potential damage, if any, that modifying the statute of limitations could cause. *See United States v. Ruby Co.,* 588 F.2d 697, 703 (9th Cir. 1978) (estoppel), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979). A plaintiff seeking to rely on equitable tolling, like a plaintiff asserting an estoppel defense, must demonstrate either that the government has engaged in some wrongful conduct, such as fraudulent concealment, *see Dyniewicz,* 742 F.2d at 487 (tolling), or that the government has a duty to act but has failed to do so, *see Borzeka v. Heckler,* 739 F.2d 444, 448 n. 3 (9th Cir.1984) (tolling), or has done so improperly, *see Jablon v. United States,* 657 F.2d 1064, 1067 n. 5 (9th Cir.1981) (estoppel). Consideration should also be given to "the extent to which the purposes of the limitations period have been satisfied, notwithstanding the delay in filing." *Naton,* 649 F.2d at 696. Thus, the factors considered under the two doctrines are in many respects similar.

Nevertheless, equitable tolling of a limitations period and equitable estoppel to assert a statute of limitations differ in several respects. When we consider whether a defendant should be equitably estopped from asserting a defense, we focus on the defendant's conduct. *Naton,* 649 F.2d at

---

**3.** In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that when a time period for filing is not jurisdictional, the requirement is subject to waiver, estoppel, and tolling. *Id.* at 393, 102 S.Ct. at 1132. Although the Court made it clear that jurisdictional time periods cannot be equitably modified as easily as non-jurisdictional filing deadlines, *see id.* at 393–98, 102 S.Ct. at 1132–35, it did not reach the question whether jurisdictional filing requirements could ever be tolled.

696. The plaintiff must demonstrate not only a reasonable reliance on the defendant's actions or representations, but also that the defendant's conduct was based on an improper purpose or that the defendant had "actual or constructive knowledge of the deceptive nature of its conduct." *Id.*[4] In contrast, when we consider whether the doctrine of equitable tolling is applicable, we focus on whether the plaintiff was excusably ignorant of the statute of limitations and whether the defendant will be prejudiced by the delay. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 595 n. 21 (9th Cir.1981), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983); *Naton*, 649 F.2d at 696.[5] Because the potential prejudice to the government is a key consideration in determining whether tolling should be applied, concerns that may militate against the availability of estoppel in particular cases do not justify adoption of a *per se* rule barring the application of the equitable tolling doctrine.

In addition, estoppel and tolling differ in a way that is particularly relevant to this case. Where equitable estoppel applies in statute of limitations cases, a plaintiff's claim is untimely but the defendant is barred from asserting the defense. Tolling, in contrast, delays the running of the limitations period. Because the limitations period that governs the FTCA claim requirement is jurisdictional, and parties cannot create jurisdiction by their actions, *see Cooper*, 628 F.2d at 1212, an FTCA filing deadline cannot be avoided by estopping the government from asserting the defense. Thus, my colleagues correctly conclude that even if the government's conduct merited the application of estoppel, the district court would not have had jurisdiction over Burns' suit. In contrast, if the tolling doctrine is applicable, the statutory period would not have run and Burns' Form 95 claim would be deemed to have been filed within the requisite time period. The Form 95 claim would thus be timely, and the jurisdictional prerequisite to the district court action would have been met.

My colleagues do not even suggest that if equitable tolling were available in this case the facts would preclude its application. For reasons I need not set forth in detail, it is clear that the doctrine could apply. The record strongly suggests that the government had a duty to act. According to 38 C.F.R. § 14.604(a) (1984),

> [e]ach person who inquires as to the procedure for filing a claim against the United States, predicated on a negligent or wrongful act or omission of an employee of the Veterans Administration ... *will be furnished* a copy of SF 95, Claim for Damage, Injury, or Death. The claimant *will be advised* to submit the executed claim directly to the District Counsel having jurisdiction of the area wherein the occurrence complained of took place. (Emphasis added).

Thus, the government has voluntarily assumed a duty toward injured veterans who inquire[6] about filing claims resulting from

---

**4.** The government need not intend to mislead a party in order to be estopped. *Jablon v. United States*, 657 F.2d 1064, 1067 n. 5 (9th Cir.1981).

**5.** We of course do not ignore the question of wrongful conduct by the government in such cases. *See* discussion *supra* p. 727.

**6.** It is not entirely clear from the record before us whether the Veterans Administration knew or should have known that Burns was interested in filing a claim based on the government's negligent or wrongful act or omission. We do not know exactly what Mr. or Mrs. Burns told the caseworker, or vice versa, because the district court determined that tolling could not apply regardless. It is quite possible that the district court would conclude that Burns' physical condition itself was sufficient to make the

government aware that he was "inquiring" about the various potential claims he might file, including an FTCA claim, and that the government should therefore have advised him about all possible remedies that might be available to him. In any event, in circumstances such as these, where a veteran who is unable to communicate—possibly because of serious negligent conduct on the government's part—comes to the Veterans Administration seeking help in obtaining compensation for his injuries, where the injuries are as overwhelming as these appear to have been, and where their seriousness is readily apparent to the V.A. caseworker, the government may well have an obligation to inquire about the type of claims the veteran wishes to file, or to supply the veteran with the correct forms to file an FTCA claim, as well as any

negligent or wrongful acts for which the V.A. is liable. The V.A. is to furnish those veterans with the correct forms to file their claims and to assist them in properly filing complaints. Specifically, the government has undertaken to provide injured veterans with FTCA claim forms. Because the agency had to make the same kind of determination to deny Burns' additional veterans benefits as it would be required to make in evaluating an FTCA claim,[7] the requirements that the government have adequate notice to investigate the claim and not be prejudiced by the delay have also been met.[8]

In summary, I would remand to the district court so that it may determine whether, when the facts of the case are considered, *see supra* note 6, the statutory period was tolled and Burns' Form 95 therefore constituted a jurisdictionally sufficient administrative complaint.[9] I would not, as the majority appears to do, voluntarily adopt a new rule that bars the use of the equitable tolling doctrine when filing periods are jurisdictional.

---

forms appropriate for pension or other benefit claims. Certainly, the government should not have lulled Burns into allowing the filing period to run by filling out a form that failed to preserve his tort claim.

7. In order to deny what the V.A. considered to be a claim by Burns for additional veteran's benefits pursuant to 38 U.S.C. § 351, the Veteran's Administration had to ascertain whether there was any fault on the government's part. *See* 38 U.S.C. § 351 (1982); 38 C.F.R. § 3.358(c)(3) (1984). In fact, the Findings and Decision of the Board of Veterans Appeals when it denied Burns' requested increase in pension benefits in 1982 show that the government made a specific finding of no negligence or accident. Thus, the agency's earlier determination clearly demonstrates that it had sufficient notice of the claim to be able to initiate and complete an investigation. *See Shipek,* 752 F.2d at 1355–56 (minimal notice requirement met where agency had sufficient notice to commence investigation); *Warren,* 724 F.2d at 779 (same).

8. Because the agency had an early opportunity to determine the merits of the claim, *see supra* note 7, the concerns that arise when a claim is stale are not relevant to this case. *Cf. Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508, 516–17 (6th Cir.1974) (FTCA statute of limitations tolled when notice to government was adequate to ensure that government was not prejudiced by delay).

9. If the tolling doctrine were applied, the limitations period on filing the administrative claim would have been tolled from February 2, 1977 (when the government completed the benefits form for Burns) until September 2, 1982 (when the government asserted in its motion to dismiss that no FTCA agency claim had been filed). The time from December 27, 1976 (time of injury) until February 2, 1977, plus the time from September 2, 1982 until May 10, 1983 (when Burns filed his Form 95) is less than the two-year period of the statute of limitations. The agency claim would therefore be timely.