881 F.2d 1084
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 George SUTTON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-1626.
 United States Court of Appeals, Ninth Circuit.
 Submitted* May 24, 1989.
Decided Aug. 9, 1989.
 Appeal from the United States District Court for the Northern District of California; William A. Ingram, District Judge, Presiding.
 Before KILKENNY, WIGGINS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Sutton appeals the district court's dismissal of his federal tort claims action for lack of subject matter jurisdiction. Sutton contends that the district court erred in dismissing his action based on his failure to specify a sum certain in damages on the administrative claim form. We disagree and affirm the judgment.
 
 
 3
 Sutton was injured while assisting the Forest Service in fighting a forest fire in California on July 12, 1985. On August 18, 1986, Sutton filed an administrative claim for damages. He described the accident and stated the nature and extent of his injuries in the appropriate boxes on the claim form. In the box that requested the amount of damages for personal injury, Sutton wrote "presently undetermined".
 
 
 4
 On March 10, 1987, Sutton filed his complaint against the United States in the district court for the Northern District of California. The action was brought pursuant to the Federal Tort Claims Act, and requested damages in the amount of $250,000.
 
 
 5
 On October 26, 1987, the government filed a motion to dismiss for lack of subject matter jurisdiction. On November 24, 1987, the district court granted the government's motion and dismissed the action. Sutton timely appeals.
 
 
 6
 We review de novo the district court's dismissal of an action for lack of subject matter jurisdiction. McIntyre v. United States, 789 F.2d 1408, 1410 (9th Cir.1986).
 
 
 7
 "The jurisdiction of federal courts to entertain actions for damages against the United States is limited by the Federal Torts Claim Act". Warren v. U.S. Dept. of Interior Bureau of Land Mgm't., 724 F.2d 776, 777-78 (9th Cir.1984); see 28 U.S.C. Sec. 2675(a)(1982). "Section 2675(a) requires, as a prerequisite to suing the United States, that a plaintiff first present 'the claim' to the appropriate federal agency". Shipek v. United States, 752 F.2d 1352, 1353 (9th Cir.1985). "The plaintiff is permitted to sue the United States only after the claim is denied or six months have elapsed without final disposition by the agency". Warren, 724 F.2d at 778.
 
 
 8
 The claim requirement is jurisdictional in nature and may not be waived. Burns v. United States, 764 F.2d 722, 723 (9th Cir.1985). This jurisdictional requirement is satisfied by: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Id. at 724 (quoting Warren, 264 F.2d at 780). The sum certain requirement demands more than mere general notice to the government of approximate amount of the claim. Caidin v. United States, 564 F.2d 284, 287 (9th Cir.1977). Failure to comply with the sum certain requirement results in the case being treated "as if no administrative claim had ever been filed." Id.; see also Caton v. United States, 495 F.2d 635, 637-38 (9th Cir.1974).
 
 
 9
 Sutton did not present a claim containing a statement of a sum certain of the damages sought. Because this court may not entertain a claim that has not been first been presented to the appropriate agency, the district court properly dismissed Sutton's action for lack of subject matter jurisdiction.
 
 
 10
 Sutton raises two other issues for the first time on appeal. He contends that the sum certain requirement is derived from 28 C.F.R. Sec. 14.2 (1988), not from 28 U.S.C. Sec. 2675, and therefore is not jurisdictional. Sutton also contends that the sum certain requirement can be satisfied by substantial compliance. "As a general rule issues which have not been raised at the trial court will not be reviewed on appeal." Scott v. Pacific Maritime Ass'n, 695 F.2d 1199, 1203 (9th Cir.1983). Accordingly, we do not consider these two issues.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 12
 KILKENNY, Circuit Judge, concurring.
 
 
 13
 If I were writing on a clean slate, I would recognize clear error in the action of the District Court in dismissing the case for want of subject matter jurisdiction.
 
 
 14
 It is fundamental that the issue of subject matter jurisdiction can be raised at any time, even on appeal. The District Court's dismissal on that ground was based on language in Avril v. United States, 461 F.2d 1090 (CA9 1972), a case which employed 28 C.F.R. Sec. 14.2 in holding that it was necessary for the claimant under 28 U.S.C. Sec. 2675(a) to file a claim stating the amount of money damages in a "sum certain". In so holding, Avril states that the "sum certain" being claimed on the appropriate form as filed is clearly implied from the provisions of section 2675 itself. 461 F.2d at 1091.
 
 
 15
 What is said in Avril is approved in Caton v. United States, 495 F.2d 635, 637 (CA9 1974). However, I do not believe that these cases nor those cited by respondent should be read as holding that the absence of a statement of a "sum certain" is a jurisdictional defect, or that under such circumstances a district court would lack subject matter jurisdiction.
 
 
 16
 The subsequent in banc case of Warren v. United States, 724 F.2d 776 (CA9 1984) holds that 28 C.F.R. Secs. 14.2(a) and 14.3(e) do not embrace jurisdictional requirements insofar as section 2675(a) is concerned. I quote from page 778 of the Warren decision:
 
 
 17
 "We find the relevant statutes and their legislative histories reveal that Congress did not intend to treat regulations promulgated pursuant to section 2672 as jurisdictional prerequisites under section 2675(a)." (emphasis added) (footnote omitted)
 
 Quoting from footnote 5, also at page 778:
 
 18
 "Further evidence against construing section 14.3(e) as a jurisdictional requirement exists in the regulations themselves. The regulations do not purport to define a 'claim' for purposes of section 2675:
 
 
 19
 For purposes ... of 28 U.S.C. 2401(b) and 2672, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, [a written notification of the incident], accompanied by a claim for money changes in a sum certain....
 
 
 20
 28 C.F.R. Sec. 14.2(a) (1982) (emphasis supplied)." (emphasis added)
 
 Continuing on to page 779, I quote:
 
 21
 "Congress intended the requirements of section 2675 to function independently of section 2672. Adams [v. United States, 615 F.2d 284, 290, amended, 622 F.2d 197 (CA5 1980) ]. Section 2675 was amended to give agencies sufficient notice to enable them to begin their own investigations. S.Rep. [No. 1327, 89th Cong., 2d Sess.] at 4 [, reprinted in 1966 U.S.Code Cong. & Admin.News 2515]; Adams, 615 F.2d at 290. Minimal notice requires claimants to (1) give an agency sufficient written notice to commence investigation and (2) place a value on the claim."
 
 
 22
 * * *
 
 
 23
 * * *
 
 
 24
 "To interpret section 14.3(e) as jurisdictional would be to impose upon claimants an added burden which would inevitably result in barring otherwise meritorious claims. Such a result would frustrate the purposes of both 28 U.S.C. Sec. 2672 and Sec. 2675(a)." (emphasis added) (footnote omitted)
 
 
 25
 True enough, on page 780 of the majority opinion the court in Warren says:
 
 
 26
 "[W]e hold that section 2675(a) requires the claimant or his legal representative to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim. * * * This is not to say, however, that regulations promulgated pursuant to section 2672 are rendered meaningless by our holding that they are not jurisdictional requirements under section 2675(a):
 
 
 27
 Section 2672 governs agency conduct, including administrative settlement and adjustment of properly presented claims, once notice has been given pursuant to section 2675.... Noncompliance with section 2672 deprives a claimant only of the opportunity to settle his or her claim outside the courts." (citations and footnotes omitted)
 
 
 28
 The record is clear that appellant filed the standard Form 95 Administrative Claim with the United States Department of Agriculture, the agency here involved. In the space marked for the amount of damages claimed, he correctly indicated that the amount had not as yet been determined.
 
 
 29
 From the pleadings before the court, it is beyond question that appellant received severe personal injuries. Justice would require that the dismissal be set aside and that appellant should have the opportunity to file an amended claim stating more precisely the amount of damages. We should not permit a technicality to destroy his claim. The workmen's compensation carrier for Sutton filed a complaint in intervention listing the carrier's total compensation expenditures as of July 6, 1987 at $80,400.14, placing before the court the very serious nature of the claim. The complaint for $250,000.00 was filed well within the statutory period. Consequently, a demand for a specific amount was timely made.
 
 
 30
 The Federal Tort Claims Act was enacted for the benefit of those injured while in the employ of the government. Justice and common sense would dictate that the will of Congress should not be defeated by a technical regulation promulgated by an agency and not by Congress. These regulations were adopted for the purpose of assisting the agency in its internal procedures for the settlement of claims. I write in the hope that the Court may take this case in banc and hold that the District Court on remand should permit amendment of the claim to state an amount certain. There is no jurisdictional question involved.
 
 
 31
 Be that as it may, I abide by previous Ninth Circuit decisions, including Burns v. United States, 764 F.2d 722, 724 (CA9 1985)* which are sufficient to support the judgment of the District Court. Consequently, I reluctantly concur.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 Citing earlier Ninth Circuit cases, including Warren, but overlooking that part of Warren holding that the regulations mentioned are not jurisdictional