902 F.2d 1579
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Harvey W. MERRIWEATHER, Plaintiff-Appellant,
v.
Brooks C. CLINE, et al., Defendants-Appellees.
 No. 89-35471.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1990.*
Decided May 18, 1990.
 Before HUG, CYNTHIA HOLCOMB HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harvey W. Merriweather, a federal prisoner, appeals pro se the district court's dismissal of his action under the Federal Tort Claims Act for the return of cash and a pocket knife seized by FBI agents at the time of his arrest. We affirm.
 
 
 3
 * The district court dismissed Merriweather's claims against the defendants in their official capacities as time-barred under 28 U.S.C. Sec. 2401(b). We review de novo the district court's dismissal of a complaint on statute of limitations grounds. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1988).
 
 
 4
 Section 2401(b) provides that a tort claim against the United States as a party must be commenced within six months after the date of mailing, by certified or registered mail, of the agency's notice of denial of the claim. 28 U.S.C. Sec. 2401(b). The six month period is a jurisdictional requirement which cannot be waived by the government. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985). Any claims against federal officers in their official capacities are treated as claims against the United States. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 5
 Here, the FBI's final notice of denial of Merriweather's claim was dated February 1, 1988 and was sent by registered mail on February 3, 1988, as shown by the return mail receipt. Merriweather did not file his complaint in district court until August 28, 1988, which was after the six month period had expired. The district court properly dismissed Merriweather's claims against the defendants in their official capacities as time-barred. 28 U.S.C. Sec. 2401(b).
 
 II
 
 6
 The district court dismissed Merriweather's entire complaint, thereby dismissing his action against the defendants in their individual capacities. Defendants contend that the dismissal was appropriate because they did not receive personal service of the complaint as required by Fed.R.Civ.P. 4(d)(1).
 
 
 7
 Fed.R.Civ.P. 4(d)(1) requires that persons sued in their individual capacities receive personal service of the summons and complaint. Without personal service in accordance with Rule 4, the district court lacks jurisdiction to render a personal judgment against a defendant. Hutchinson v. United States, 677 F.2d 1322, 1328 (9th Cir.1982). Service at the defendant's place of employment is insufficient to obtain personal jurisdiction over federal officers in their individual capacities. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987).
 
 
 8
 Here, two of the defendants received service by mail at their offices and two received service by substituted service at their offices. This service does not constitute personal service as required by Rule 4(d)(1), and thus the district court lacked personal jurisdiction over the defendants in their individual capacities.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3