17 F.3d 398
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Samuel VON CRONEY, Plaintiff-Appellant,
v.
Robert Eugene SMITH; United States of America, Defendants-Appellees.
 No. 93-55500.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Von Croney appeals pro se the district court's orders (1) dismissing his complaint against the United States pursuant to Fed.R.Civ.P. 12(b)(1) and remanding his action against Robert Eugene Smith to state court, and (2) denying Von Croney's motion for reconsideration.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Jurisdiction
 
 A. Timeliness of Notice of Appeal
 
 4
 The government contends that because Von Croney's notice of appeal was untimely, this court's jurisdiction is limited to review of the district court's March 15, 1993 order denying Von Croney's motion for reconsideration. We disagree.
 
 
 5
 The period for filing a notice of appeal begins to run on the "entry" of the order or judgment that is appealed. Fed.R.App.P. 4(a)(1); Hollywood v. City of Santa Maria, 886 F.2d 1228, 1231 (9th Cir.1989). A judgment is not "entered" unless it is entered in compliance with Fed.R.Civ.P. 58 and 79(a). Fed.R.App.P. 4(a)(7). These rules require the entry of a document containing the judgment that is separate and distinct from any opinion or memorandum. Fed.R.Civ.P. 58, 79(a); Hollywood, 886 F.2d at 1231. Absent compliance with this requirement, " 'a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed.R.App.P. 4(a).' " Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (quoting Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987)).
 
 
 6
 Here, the record indicates that on December 23, 1992, the district court entered its order dismissing without prejudice Von Croney's action against the United States and remanding his action against Smith to the state court. This order was a final decision disposing of all claims and parties in the action. See McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992) (dismissal without prejudice is final if it ends the litigation, even if it does not bar a litigant from bringing a new action in that court). Although the district court's order was stamped entered, mailed to the parties, and listed as "entered" on the docket sheet, there was no document setting forth the district court's judgment. See Allah, 871 F.2d at 890. Because no separate entry occurred and the time for appeal never began to run, Von Croney's notice of appeal was filed timely.[2] See id.
 
 B. Specificity of Notice of Appeal
 
 7
 The government contends that Von Croney only intended to appeal the district court's March 15, 1993 order denying his motion for reconsideration. This contention lacks merit.
 
 
 8
 Von Croney's notice of appeal states that he is appealing the "order denying [his] motion for reconsideration." See Fed.R.App.P. 3(c) (notice of appeal must designate judgment or order appealed from). Von Croney's motion for reconsideration included alleged errors both in the procedure and substance of the district court's December 23, 1992 order. In its March 15, 1993 order denying Von Croney's motion for reconsideration, the court found no procedural errors and affirmed the substantive basis of its earlier order. Given the scope of the court's March 15, 1993 order, it is apparent that Von Croney intended to appeal both the December 23, 1992 and March 15, 1993 orders. See Munoz v. Small Business Admin., 644 F.2d 1361, 1364 (9th Cir.1981) (mistake in designation will not result in loss of appeal if intent to appeal particular decision can be fairly inferred from notice without prejudice to appellee). Because the government's brief fully argues the merits of both district court's orders, the government has not been prejudiced or misled by Von Croney's failure to designate specifically the subject of his appeal. See id.
 
 C. Reviewability
 
 9
 The district court's order involved a remand under 28 U.S.C. Sec. 1447(c) after a finding of no subject matter jurisdiction. See Kunzi v. Pan Am. World Airways, Inc., 833 F.2d 1291, 1293 (9th Cir.1987) (court does not need to refer explicitly to section 1447(c) where implicit from record and order that removal improvident and without jurisdiction). We cannot review this remand decision. Id. (section 1447(c) remand order immune from judicial review); 28 U.S.C. Sec. 1447(d). Nevertheless, because the district court's order of dismissal of the United States was a substantive decision which "necessarily preceded" the remand order, we have jurisdiction to review the dismissal. See Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986) (where district court reaches a substantive decision resulting in a defendant's dismissal, and subsequently remands the case against the remaining defendant, appellate court has jurisdiction to review the dismissal).
 
 II
 Merits
 A. Motion to Dismiss
 
 10
 Von Croney contends that the district court erred by dismissing his action against the United States for lack of subject matter jurisdiction. We review de novo the existence of subject matter jurisdiction. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 11
 The Federal Tort Claims Act ("FTCA") requires claimants to exhaust administrative remedies before filing suit against the United States. 28 U.S.C. Sec. 2675(a). A claimant cannot sue the government until an agency either (1) denies the requested relief in writing and notifies the claimant of the decision or (2) fails to dispose of the claim within six months of its filing. Id. The claim requirement is jurisdictional in nature and cannot be waived. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985). The claim must provide "minimum notice" to the agency, and this requirement is met by (1) a written statement sufficiently describing the injury to permit the agency to begin its own investigation, and (2) a sum certain damages claim. Id.
 
 
 12
 In his complaint, Von Croney failed to allege that he exhausted his administrative remedies before bringing his action against the United States. See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980) (plaintiff bringing FTCA action must allege exhaustion of remedies). Because Von Croney is pro se, however, his pleadings are held to a less stringent standard than those of an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).
 
 
 13
 In his opposition to the government's motion to dismiss, Von Croney alleged that in January 1992, he sent a letter and attachments to OPM which allegedly satisfied the exhaustion of administrative remedies requirement. Our review of the record, however, does not reveal sufficient allegations by Von Croney to establish that his letter constituted the requisite "minimum notice" claim. See Burns, 764 F.2d at 724. Although Von Croney's allegations suggest that he may have provided a written statement to OPM which was sufficiently informative to permit an investigation, he never alleged that he provided OPM with a sum certain claim amount. See id. Moreover, he did not furnish the court with a copy of the letter. Von Croney had the burden of establishing subject matter jurisdiction. See Prescott v. United States, 973 F.2d 696, 701 (9th Cir.1992) (plaintiff has initial burden of persuading court it has subject matter jurisdiction under FTCA's waiver of immunity). We conclude that his allegations concerning the exhaustion of administrative remedies failed to meet this burden. See id.; 28 U.S.C. Sec. 2675(a). Thus, the district court did not err by dismissing Von Croney's action against the United States.
 
 B. Motion for Reconsideration
 
 14
 Von Croney contends that the district court erred by denying his motion for reconsideration of the court's December 23, 1992 order. Von Croney appears to have brought the motion under Fed.R.Civ.P. 59(e) and 60(b). The district court denied the motion on the ground that it contained no new basis in law or fact as required by Local Rule 7.16. We review for abuse of discretion the district court's denial of the motion for reconsideration. See Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992).
 
 
 15
 Von Croney's motion fails under Rules 59(e) and 60(b) and Local Rule 7.16. To the extent Von Croney's motion challenged the validity of the court's December 23, 1992 order, he provided no arguments which the court had not already considered and rejected. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991). Von Croney's remaining contentions concern Judge Hauk's alleged bias against him as a pro se litigant during the December 21, 1992 hearing on the government's motion to dismiss.
 
 
 16
 A judge must disqualify himself if a reasonable person would conclude that the judge's impartiality might reasonably be questioned. 28 U.S.C. Secs. 144, 455; Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 497 U.S. 1003 (1990). Recusal ordinarily is required only where the bias stems from an extrajudicial source, not from a judge's conduct or rulings during a proceeding. King v. United States Dist. Court, No. 93-70994, slip order 1505, 1506 (9th Cir. Feb. 2, 1994). An exception exists where a judge's remarks in a judicial context demonstrate pervasive personal animosity or prejudice constituting bias against a party. Id.
 
 
 17
 Here, Von Croney did not offer an extrajudicial source for Judge Hauk's alleged bias against him. See id. Moreover, our review of the record, the affidavit Von Croney supplied, and the transcript of the December 21, 1992 hearing indicates that Judge Hauk's remarks were in keeping with the proceeding and do not reveal a pervasive personal animosity or prejudice against Von Croney. See id. Thus, we conclude that the district court did not abuse its discretion by denying Von Croney's motion for reconsideration because he presented neither new arguments nor extraordinary circumstances necessary for relief.[3] See Fuller, 950 F.2d at 1442.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Von Croney originally brought a tort action in state court against Smith, an investigator for the United States Office of Personnel Management ("OPM"), and two of Smith's supervisors. Von Croney alleged that he was assaulted and battered by Smith. The action was removed to district court, and the United States was substituted for the two supervisors. See 28 U.S.C. Sec. 2679(d)
 
 
 [2]
 The timely notice of appeal is jurisdictional, but the existence of a properly entered separate judgment is not a prerequisite to appellate jurisdiction under 28 U.S.C. Sec. 1291. Vernon, 811 F.2d at 1276. The parties can waive the separate judgment requirement by failing to object on that ground to the taking of the appeal. Id. Here, although the government contends Von Croney's appeal was not filed timely, it has not objected to the absence of a separate judgment. See id. at 1276-77
 
 
 [3]
 In his reply brief, Von Croney contends that this court abused its discretion when it issued an order granting the government's motion to file a late brief. See Von Croney v. Smith, No. 93-55500, Order (9th Cir. Sept. 21, 1993). Where an appellee seeks an extension of time to file his brief, this court has discretion to grant that extension. See Fed.R.Civ.P. 31; 9th Cir.R. 31-2.3; 9th Cir.Gen.Order Sec. 6.3.c. (1)(A) and App. A(14). To the extent Von Croney objects to this order, we construe his objection as a motion for reconsideration and deny it. See Fed.R.App.P. 27(c); 9th Cir.R. 27-1(3)