40 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diane SPORLEDER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15853.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Diane Sporleder appeals pro se the district court's summary judgment order dismissing her action for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo a district court's dismissal on jurisdictional grounds, see Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992), and affirm.
 
 
 3
 Sporleder brought a tort claim against the Scottsdale Post Office for the alleged theft and forgery of postal money orders in the amount of $500.00. The district court, construing Sporleder's claim as one brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 2671-2680, found that it lacked jurisdiction over the Scottsdale Post Office and substituted the United States as the proper defendant.
 
 
 4
 On January 24, 1994, the United States filed a motion for summary judgment, contending that the district court lacked subject matter jurisdiction over the action because Sporleder failed to exhaust her administrative remedies as required by 28 U.S.C. Sec. 2675(a).[1] Sporleder did not reply to the motion. On April 8, 1994, the district court granted summary judgment in favor of the United States and dismissed the action for lack of subject matter jurisdiction.
 
 
 5
 The FTCA requires claimants to exhaust administrative remedies before filing suit against the United States. 28 U.S.C. Sec. 2675(a). The jurisdictional requirements of section 2675 are satisfied by (1) a written statement which sufficiently describes the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985). Failure to comply with section 2675(a) is an absolute bar to a suit against the United States under the FTCA. Id.
 
 
 6
 Here, the United States filed a motion for summary judgment supported by an affidavit, indicating that, according to Postal Service records, Sporleder has never filed an administrative tort claim with the Postal Service. Sporleder did not respond to defendant's summary judgment motion and did not produce any evidence that she made a claim to the Postal Service or any other federal agency and that the claim was denied.[2] See Prescott v. United States, 973 F.2d 696, 701 (9th Cir.1992) (plaintiff has initial burden of persuading the court that it has subject matter jurisdiction under FTCA's waiver of immunity); 28 U.S.C. Sec. 2675. Given these circumstances, the district court did not err by granting defendant's motion for summary judgment and dismissing Sporleder's claim for lack of subject matter jurisdiction. See Reebok, 970 F.2d at 554.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail...." 28 U.S.C. Sec. 2675(a)
 
 
 [2]
 On appeal, Sporleder submits a copy of a fax to the Phoenix, Arizona Postal Inspector reporting the theft of the postal money orders. Because the fax was not part of the district court record, we decline to consider this new evidence. See Fed.R.App.P. 10(a); Lippi v. City Bank, 955 F.2d 599, 604 (9th Cir.1992)