Nathaniel J. FRIEDMAN, a professional corporation, et al., Plaintiff—Appellant,

v.

UNITED STATES of America, Defendant—Appellee.

No. 01–56323.

D.C. No. CV–01–01323–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2002.*

Decided Aug. 26, 2002.

Before WARDLAW and BERZON, Circuit Judges, and ISHII,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a)(2).

** The Honorable Anthony W. Ishii, United States District Judge, Eastern District of California, sitting by designation.

MEMORANDUM ***

Nathaniel J. Friedman, a Professional Corporation, and Nathaniel J. Friedman, Esq. (collectively "Friedman") appeal from the dismissal of his Federal Torts Claim Act ("FTCA") case for tortious interference with a business relationship and prospective economic advantage. The district court dismissed the action on the ground that it lacked subject matter jurisdiction. We review the district court's dismissal for lack of subject matter jurisdiction de novo. *Brady v. United States,* 211 F.3d 499, 502 (9th Cir.2000). We affirm.

The district court properly dismissed Friedman's action for lack of subject matter jurisdiction because it is barred by the two-year statute of limitations under 28 U.S.C. § 2401(b). *See Burns v. United States,* 764 F.2d 722, 724 (9th Cir.1985) (holding that compliance with the statute of limitations in a suit under the FTCA is jurisdictional).

Friedman's FTCA claim for tortious interference with a business relationship and prospective economic advantage accrued when he became aware of "both his injury and its cause." *See United States v. Kubrick,* 444 U.S. 111, 122–23, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (holding that a claim under the FTCA accrues when the plaintiff is aware of the existence of the cause of his injury); *Winter v. United States,* 244 F.3d 1088, 1090 (9th Cir.2001) ("A claim accrues when a plaintiff knows that he has been injured and who has inflicted the injury."); *Davis v. United States,* 642 F.2d 328, 331 (9th Cir.1981) (holding that an injury accrues at the time a plaintiff discovers his injury and the likely cause of his injury). He was removed as counsel of record for the two plaintiffs in the underlying 1995 medical malpractice action (the "1995 Ac-

tion") on August 2, 1996. Friedman could and did file a writ of mandamus with this Court. We denied his writ on August 12, 1996. Friedman did not seek a writ of certiorari with the Supreme Court. Substitute counsel was appointed on September 12, 1996. Regardless of whether we were to conclude that Friedman became aware of his injury at the time of his removal, his replacement with substitute counsel, the date of the denial of his writ of mandamus in this court (August 12, 1996), or the date on which his ability to file a petition of certiorari to the Supreme Court expired, his injury accrued more than two years before his filing of an administrative claim in this case.

Friedman argues that his causes of action in the present action did not accrue until he exhausted the legal rights of his clients in the 1995 Action by appealing the ultimate disposition of that case. A review of the appellate briefs filed in the 1995 Action confirms that one of the arguments raised on behalf of Friedman's clients was that the settlement was unfair *because* Friedman was removed as counsel. Exhaustion of his clients' remedies, however, did not and could not affect the accrual of his claims. The appeal of the 1995 Action was pursued only to vindicate the legal rights of the plaintiffs in that action. The reply brief in that action states: "this appeal is brought on behalf of **appellants** and **not** ... their wrongfully discharged attorney [i.e., Friedman]." (Emphasis added.) The matter of *when* the dispute over the substitution of counsel ended in the 1995 Action is immaterial because the purpose of the argument concerning Friedman's removal was to demonstrate reversible error as to his clients. Friedman's personal claim for economic damages accrued apart from the damages al-

leged to have been incurred by his clients. The appeal in the 1995 Action was not a vehicle for Friedman to seek redress for his own economic injuries. Thus, the district court did not err in dismissing Friedman's present action for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2401(b).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.