Howard **DIERCKS**, Plaintiff-Appellant,

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION,** Defendant-Appellee.

No. 75–1512.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1976.

Decided Jan. 22, 1976.*

Daniel K. Sinclair, Island Lake, Ill., for plaintiff-appellant.

John F. McCarthy, David J. Shipman, Chicago, Ill., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

This appeal questions whether a disappointed bidder for property sold by the Federal Savings and Loan Insurance Corporation in its corporate capacity can challenge the sale. Diercks, the plaintiff below, entered a bid which would have required the FSLIC to pay a five percent broker's commission. When the five percent commission was netted out from Diercks' total bid, his bid was $3.00 lower than the winning bid which required no such commission. Diercks challenged the award of the bid on the grounds that he was denied due process because the FSLIC had never given notice that it would take the highest net bid rather than the highest gross bid.

The Federal Savings and Loan Insurance Corporation is an independent, federally-created corporation operating under a broad grant of power. The powers given it for management of its own affairs include the power to sue and be sued, the power to hire, fix compensation for, and define the duties of its employees, and the power "[t]o make contracts." 12 U.S.C. § 1819. Nothing relevant to this suit hinders or in any way circumscribes the FSLIC's power to make contracts as it sees fit. No bidding is required or mentioned; no procedures are set out to be followed by the FSLIC when acting in its corporate capacity. This should be compared to the relatively detailed requirements set out for the corporation when acting as a receiver. *See e. g.,* 12 U.S.C. §§ 1821, 1822. Clearly, then, Congress intended that the internal affairs of the corporation (i. e., the making of contracts, hiring employees) be left to its unfettered discretion.

In the present case, Diercks sought review of a sale of property by the FSLIC in its corporate capacity. Yet, as we have noted, Congress left the decision of what to sell, how to sell and when to sell to the discretion of the corporation. Thus, the corporation could have sold the property without taking bids or by any other procedure it saw fit. That it chose the reasonable and commendable procedure of accepting bids and choosing the one that provided it with the greatest

---

* This appeal was originally decided by unreported order on January 22, 1976. See Circuit

Rule 28. The panel has subsequently decided to issue the decision as an opinion.

return is a decision which this court cannot question. Cf. § 10 of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2) (which prohibits judicial review of agency action "committed to agency discretion by law") and *Ferry v. Udall*, 336 F.2d 706, 714 (9th Cir. 1964) (holding that due process does not require a hearing "where only a potential privilege to purchase United States land is involved"). The decision of the district court dismissing the complaint is affirmed.

Affirmed.