**Clement MOSSERI, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, General Services Administration, and the United States of America, Defendants.**

No. 95 Civ. 0723 (HB).

United States District Court, S.D. New York.

May 15, 1996.

Clement Mosseri, Brooklyn, New York, pro se.

Glenn C. Colton, Assistant United States Attorney, New York City, for defendants, General Services Administration and the United States of America.

Heidi L. Hamilton, New York City, for defendant Federal Deposit Insurance Corporation.

## OPINION AND ORDER

BAER, District Judge.

Plaintiff Clement Mosseri, appearing *pro se*, brought this action against the Federal Deposit Insurance Corporation (the "FDIC"), the General Services Administration (the "GSA"), and the United States of America seeking more than $110,000,000 in damages due to the FDIC's and the GSA's alleged discriminatory actions in connection with the auction and sale of certain real property. Specifically, Mosseri alleged that he submitted the highest bid for government-owned property, which he intended to lease to the GSA for use as a new Social Security office. According to Mosseri, the GSA and the FDIC overlooked his bid in favor of a lower bid.

The GSA, the FDIC, and the Government now move to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The FDIC also moves to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim. For the reasons that follow, the complaint is dismissed for lack of subject matter jurisdiction.

### I. *Background*

Mosseri alleges that the FDIC took possession of certain real property located at 6011 Fort Hamilton Parkway, Brooklyn, New York (the "Property") from Community National Bank Trust Company of New York, a failed financial institution. (Compl. at ¶ 5.) Mosseri claims that he spoke to FDIC officials regarding the Property and, soon thereafter, submitted a written bid to the FDIC to purchase the Property. (Compl. at ¶¶ 7, 10, and 11.) According to Mosseri, the FDIC

had a duty to accept his bid because his bid was the highest. (Compl. at ¶ 13.) Mosseri also claims that the FDIC divulged to other bidders his confidential development plans for the Property; Mosseri intended to lease the property to the GSA for use as a new social security office. (Compl. at ¶ 18.)

On February 2, 1995, Mosseri commenced this action against the FDIC and the GSA by filing a complaint in the Southern District of New York. Mosseri amended his complaint on April 12, 1995, adding the Government as a party defendant. This decision should be read with the knowledge that at the pre-trial conference significant time was devoted without success to providing this *pro se* plaintiff with the concerns that follow and providing him with an opportunity to amend his complaint.

## II. *Discussion*

Defendants move to dismiss plaintiff's complaint on two grounds. The FDIC, the GSA and the Government seek to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). In addition, the FDIC moves to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). For the reasons that follow, defendants' Rule 12(b)(1) motions are granted and plaintiff's complaint is dismissed. Since plaintiff's complaint against the FDIC is dismissed on the basis of its Rule 12(b)(1) motion, there is not reason to reach the FDIC's Rule 12(b)(6) motion.

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

■ A motion to dismiss under Rule 12(b)(1) challenges a court's statutory or constitutional power to adjudicate a case and "[t]ypically ... alleges that the federal court lacks either federal question or diversity jurisdiction over the action." 2A James W. Moore et al., *Moore's Federal Practice*, ¶ 12.07, at 12–49 (2d ed. 1994). In a motion to dismiss for lack of subject matter jurisdiction, the court must construe the complaint broadly and liberally in conformity with the principle set out in Rule 8(f) of the Federal Rules of Civil Procedure, "but argumentative inferences favorable to the pleader will not be drawn." 5A Charles A. Wright & Arthur

R. Miller, *Federal Practice and Procedure* § 1350, at 218–219 (1990 & Supp.1991). Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting jurisdiction. *See Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979).

### 1. FTCA Causes of Action Against the United States and the GSA.

■ Mosseri's allegations of tortious conduct on the part of the GSA must be dismissed for lack of subject matter jurisdiction. A plaintiff may file tort claims against the United States, provided he satisfies certain FTCA filing requirements:

> An action shall not be instituted upon a claim against the United States for money damages for ... loss of property ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. ...

28 U.S.C. § 2675(a); *see* 28 U.S.C. § 2401. The requirement that a plaintiff file an administrative claim with the appropriate federal agency is jurisdictional and cannot be waived. *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

Because Mosseri filed this FTCA suit against the United States without first filing an administrative tort claim with the GSA, the appropriate federal agency, this Court does not have subject matter jurisdiction over his claims. *See, e.g., McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (affirming the dismissal of an FTCA action for lack of subject matter jurisdiction because the plaintiff failed to file an administrative claim with the agency before filing a complaint).

■ Plaintiff argues that he sent letters to Congresswoman Molinari and Senator D'Amato which satisfy the requirement that he present his claim to the GSA before filing suit. Plaintiff's letters, however, are insufficient to satisfy this requirement. *See Burns*

*v. United States,* 764 F.2d 722, 725 (9th Cir.1985) (Court rejected plaintiff's letter to Senator as sufficient notice to Veteran's Administration). In the alternative, plaintiff argues that the tort claim he filed with the FDIC satisfies the FTCA requirement to file an administrative claim with the "appropriate federal agency," 28 U.S.C. § 2675(a), thus curing his failure to file such a claim with the GSA.

The Court, however, need not address these issues because neither Mosseri's letters to his government representatives nor his FDIC tort claim included a demand for a sum certain, thus depriving this Court of subject matter jurisdiction. 28 U.S.C. § 2675(b); *see, e.g., Adams v. U.S. Dep't of Housing and Urban Dev.,* 807 F.2d 318, 321–22 (2d Cir.1986) ("the requirement that the claim state a specific dollar sum, like the other requirements of section 2675, is jurisdictional and cannot be waived."); *see also Keene Corp. v. United States,* 700 F.2d 836, 841–42 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983) (in order to satisfy the legislative purpose of permitting the government to investigate claims, the statement of damages in any Notice of Claim must contain a sum certain); *see also Burns,* 764 F.2d at 725 ("... *nowhere* in the letter is contained the requisite sum certain claim. Thus we find that [plaintiff] has failed to satisfy section 2675, and that his action was correctly dismissed by the court below.") Accordingly, Mosseri's FTCA claim against the GSA and the Government does not satisfy Section 2675 and must be dismissed to the extent that it is based on the alleged acts of the GSA or its employees.

### 2. Contract Claim Against the GSA.

 As the Court must "read [a *pro se* plaintiff's] supporting papers liberally ... [and] interpret them to raise the strongest arguments that they suggest," *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994), the Court interprets Mosseri's complaint as alleging a contract claim against the GSA. Even so the claim must fail. Mosseri's omission in not filing an administrative claim with the GSA as required by the Contract Dispute Act (the "CDA"), 41 U.S.C. § 601 *et seq.,*

dooms this cause of action against GSA. Under the CDA, a litigant must submit an administrative claim to the GSA contracting officer before he may bring suit in federal court. *Id.* at § 605(a). Not only did Mosseri fail to submit his claim, he failed in each communication to state the sum certain he sought as the CDA requires. 48 C.F.R. § 33.201 (1991). Accordingly, this Court lacks subject matter jurisdiction over this claim. *W.M. Schlosser Co., Inc. v. United States,* 705 F.2d 1336, 1337 (Fed.Cir.1983); *Skelly and Loy v. United States,* 685 F.2d 414, 416 (Ct.Cl.1982).

### 3. Claims Against the FDIC.

 As to the cause of action against the FDIC, plaintiff claims that the FDIC was obligated to accept his bid for the Property because his bid was the highest. The FDIC's decision to accept or reject bids includes criteria in addition to price and, consequently, is discretionary. The discretionary function exemption to the FTCA, contained in 28 U.S.C. § 2680(a), provides that the waiver of sovereign immunity provided in the FTCA shall not apply to:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, *or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.*

28 U.S.C. § 2680(a) (emphasis added). The purpose of the discretionary function exception is "to prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort." *United States v. S.A. Empresa Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984). The discretionary function exception thus "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities

from exposure to suit by private individuals." *Id.* at 808, 104 S.Ct. at 2761.

The Supreme Court has held that the discretionary function exception under the FTCA protects federal employees' actions which involve the element of judgment or choice and which are based on considerations of public policy. *United States v. Gaubert,* 499 U.S. 315, 316, 111 S.Ct. 1267, 1269–70, 113 L.Ed.2d 335 (1991). The *Gaubert* Court recognized that federal employees engaged in the day-to-day operations of regulating financial institutions are protected from tort suit under the discretionary function exception. *Id.* The Court continued to state that:

> When established governmental policy, ... allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion.... The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred ... but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*Id.* at 325.

The Second Circuit, in a case brought by an unsuccessful bidder, noted the FDIC's breadth of discretion to dispose of assets of failed financial institutions:

> Specifically, we believe that allowing [plaintiff] to sue based on his status as a disappointed bidder would be inconsistent with FIRREA's goal of giving the FDIC broad discretion in disposing of assets under its control. Under 12 U.S.C. § 1821(d)(2)(G)(i) (II), the FDIC as receiver may "transfer any asset or liability ... without any approval, assignment, or consent with respect to such transfer," and, under 12 U.S.C. § 1823(d)(3)(A), the FDIC enjoys the same power when acting in its corporate capacity....
> [W]ere we to allow disappointed bidders such as [plaintiff] to challenge the manner in which the FDIC chooses to dispose of its assets, we would undermine Congress' intent to allow the FDIC broad discretion in the disposition of assets.

*Gosnell v. FDIC,* 938 F.2d 372, 376 (2d Cir. 1991) (affirming the dismissal of plaintiff's claim); *accord Santoni v. FDIC,* 677 F.2d 174, 179 (1st Cir.1982) (the FDIC is "vested with broad discretion to dispose of assets as it sees fit."); *Diercks v. FSLIC,* 528 F.2d 916, 916–17 (7th Cir.1976) ("Congress left the decision of what to sell, how to sell and when to sell to the discretion of the corporation."). In *Gosnell,* the Second Circuit further distinguished between disappointed bidders for government contracts and those who seek to buy Government goods. *Gosnell,* 938 F.2d at 377 n. 3. The Court determined that disappointed bidders for government goods, unlike those for government contracts, lacked standing to sue on the basis that the livelihood of bidders for goods was not dependent on an agency's decision and not within the zone of interests to be protected by FIRREA. *Id.* at 377; *see also id.* at 377 n. 3.

In this case, both prongs of the Supreme Court's discretionary function analysis are satisfied. The first prong permits the FDIC to choose amongst bidders and the second prong permits, as is the case here, the FDIC to proceed where its decision is based on the furtherance of social and economic considerations. Thus, as in *Gaubert,* the FDIC's decision in the instant action falls within the discretionary function exception to the FTCA. In addition, pursuant to *Gosnell* and the Court's rationale discussed therein, defendants are given broad discretion to dispose of Government assets. Therefore, Mosseri's claims against the FDIC are dismissed.

### III. *Conclusion*

For the foregoing reasons, the FDIC, the GSA and the Government's motions pursuant to Rule 12(b)(1) are GRANTED and plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.